Filed 2/17/22  P. v. Harrison CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| THE PEOPLE, | F081131 |
| Plaintiff and Respondent, | |
| v. | (Madera Super. Ct. No. MCR062960) |
| MELVIN DEMONTE HARRISON, | |
| Defendant and Appellant. | **OPINION** |

-ooOoo-

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Madera County.  Mitchell C. Rigby, Judge.

J. Edward Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, and Clara Levers, Deputy Attorney General, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Franson, Acting P. J., Meehan, J. and De Santos, J.

## INTRODUCTION

Appellant and defendant Melvin Demonte Harrison entered pleas and admissions in several cases, repeatedly violated probation and the terms of his Post-Release Community Supervision (PRCS) and was sentenced to custodial time. On appeal, his appellate counsel filed a brief that summarized the facts with citations to the record, raised no issues, and asked this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) We ordered the parties to file briefs on the validity of the court's imposition of fines and fees in light of subsequently enacted legislation. As explained below, we remand the matter for the limited purpose of addressing certain fines and fees and otherwise affirm.

## PROCEDURAL BACKGROUND

On October 2, 2017, defendant was convicted in case No. MCR056890, of violating Penal Code[1] section 71, threatening a public officer or school employee, and sentenced to the mitigated term of 32 months in prison. On March 10, 2019, defendant was released from custody and placed on PRCS.

**First Petition for Revocation**

On May 23, 2019, a petition was filed in a new case No. MCR062960, that alleged defendant violated the terms of his PRCS status in case No. MCR056890, because he failed to obey all laws by violating section 415, fighting; section 243, subdivision (b), battery against a peace officer; and section 148, subdivision (a)(1), resisting an officer, on May 21, 2019. On the same day, his PCRS status was revoked.

On May 28, 2019, defendant admitted the PRCS violation alleged in the petition filed in case No. MCR062960. The court revoked and then reinstated him on PRCS for three years, as of January 24, 2017, and ordered him to serve 120 days in jail.

---

[1] All further statutory citations are to the Penal Code unless otherwise indicated.

In a new case No. MCR062972, defendant pleaded guilty to two misdemeanor charges: count 1, violation of section 148, subdivision (a)(1), obstructing or resisting an officer; and count 2, violation of section 415, fighting. The court placed him on probation for three years. In case No. MCR054784, defendant admitted violating probation. The court revoked and reinstated probation.

**Second Petition for Revocation**

On August 15, 2019, another petition was filed in case No. MCR062960-A, alleging defendant again violated the terms of his PRCS status in case No. MCR056890, based on violations of section 273.6, subdivision (a), disobeying a court order, and section 242, battery, on August 13, 2019. On the same day, the court summarily revoked his PRCS status.

On August 19, 2019, defendant requested a hearing pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 to discharge his appointed counsel. The court heard and denied the *Marsden* motion. Thereafter, defendant admitted the PRCS violation. The court reinstated defendant on PRCS and sentenced him to serve an additional 180 days in jail.

**Third Petition for Revocation**

On October 7, 2019, a third petition was filed in case No. MCR062960-B, that alleged defendant again violated the terms of PRCS by violating section 496, subdivision (d), attempted receipt of stolen property; section 594, subdivision (b)(1), vandalism in an amount exceeding $400; and section 148.9, subdivision (a), giving a false identification to a peace officer; and also violating the following provisions of the Vehicle Code: sections 10851, subdivision (a), unlawfully taking or driving a vehicle; section 2002, subdivision (a), hit and run causing property damage; and section 12500, subdivision (a), driving without a license; with the offenses occurring on or about September 25, and October 3, 2019. The court summarily revoked defendant's PRCS status.

3.

On October 25, 2019, defendant entered open pleas to several cases. First, he admitted the PRCS violation. Defendant next pleaded guilty to a misdemeanor violation of section 594, subdivision (a), vandalism, in case No. MCR064738. Defendant also admitted violating probation in cases Nos. MCR062972 and MCR054784.

The court suspended the prior PRCS order and referred all the cases to the probation department. Defense counsel claimed defendant entered his pleas and admissions based on the probation officer's representations that he would receive concurrent terms for all offenses. The prosecutor objected and argued that each case involved separate crimes, and concurrent terms were inappropriate. The court asked the probation officer about the alleged recommendation. The probation officer replied that the sentence would be up to the court. The court set the matter for a sentencing hearing.

## SENTENCING HEARING

On December 2, 2019, the court convened the sentencing hearing for all of defendant's cases. Defense counsel objected to the probation report's recommendation for consecutive sentences but conceded that defendant entered open pleas; concurrent terms were not a condition of defendant's admissions and pleas; and instead represented his "pretty strong hope and expectation." The prosecutor replied defendant entered open pleas and admissions, there was no promises about concurrent terms, and each case resulted from separate criminal activity.

Defense counsel stated that defendant wanted to make a *Marsden* motion, and defendant said he wanted to withdraw his pleas. The court conducted an in camera hearing on the *Marsden* motion and denied it. After the denial of the *Marsden* motion, defense counsel moved to withdraw defendant's pleas and admissions pursuant to section 1018, based on his "reasonable reliance" on the probation officer's alleged statement that he would likely receive concurrent sentences. The court denied the motion to withdraw because there was no evidence of any promise between the court, defendant, and/or prosecutor to impose concurrent terms. Defendant had "a repetitive pattern of criminal

4.

activity dating back to his original conviction of robbery in 2013 with multiple violations of probation and his first adult conviction in 2014, and, since that time, his criminal activity has escalated. The defendant has shown that he is a danger not only to himself, but also to the community, as he continues to engage in criminal activity."

The court found that defendant pleaded guilty to a misdemeanor violation of section 594, subdivision (a), admitted his third violation of PRCS status in one case, and admitted violations of bench probation in two other cases. "So the defendant's criminal history indicates numerous felony and misdemeanor convictions and numerous grants of probation, two prior prison commitments, and sustained violations of probation and Post-Release Community Supervision."

### *Case No. MCR064738*

In case No. MCR064738, the court denied probation and sentenced defendant to 364 days in jail for his violation of section 594, subdivision (a). The court imposed certain fines and fees, including a misdemeanor presentence report fee of $375 (§ 1203.1, subd. (b)), and a booking fee of $108.19 payable to the City of Madera (Gov. Code, § 29550.2).

### *Case No. MCR062960-B*

In case No. MCR062960-B, the court revoked and reinstated defendant's PRCS status, with 121 days in jail and credit for time served, to be served consecutively to the term imposed in case No. MCR064738.

### *Probation Cases*

In case No. MCR062972, the court revoked probation and sentenced defendant to 364 days in jail for count 1, violation of section 148, subdivision (a)(1); and a term of 90 days for count 2, violation of section 415, with both terms to be served consecutively to the sentence imposed in case No. MCR062960, plus certain fines and fees.

In case No. MCR054784, the court found the underlying offense was a misdemeanor violation of Vehicle Code section 10851, subdivision (a). It revoked

probation and sentenced defendant to 364 days in jail for count 1, violation of Vehicle Code section 10851, subdivision (a), served consecutively to the term in case No. MCR062972, plus certain fines and fees.

**Motion to Reconsider**

On January 15, 2020, defendant filed a motion for the trial court to reconsider the imposition of consecutive sentences and again argued he should have received concurrent terms. On February 21, 2020, the court denied defendant's motion for lack of good cause, and found consecutive terms were appropriate because "we have the underlying conduct and then we have his violation conduct. So it's not all the same conduct. He has violated probation in each [of] these matters, and it deserves some judgment in that regard."

**Appellate Briefing**

On May 8, 2020, defendant filed a notice of appeal. As noted above, defendant's counsel filed a *Wende* brief with this court.

During the pendency of this appeal, the Legislature enacted Assembly Bill No. 1869 (2019-2020 Reg. Sess.), which eliminates certain administrative fees in criminal cases and renders the unpaid balance of any such fees unenforceable and uncollectable.

On December 13, 2021, this court ordered the parties to file supplemental briefs to address whether the matter must be remanded for the superior court to determine whether any of the fines and fees imposed at the December 2, 2019, sentencing hearing are subject to the statutes enacted by Assembly Bill No. 1869 (2019-2020 Reg. Session).[2]

---

[2] Even though appellant filed a *Wende* brief that did not raise any issues, this court's consideration of the impact of statutes enacted by Assembly Bill No. 1869 does not run afoul of section 1237.2, which states: "An appeal may not be taken by the defendant from a judgment of conviction on the ground of an error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not

The parties agree the statutes enacted and amended by Assembly Bill No. 1869 are applicable to two fees imposed in this case: the $375 misdemeanor presentence report fee of $375 (§ 1203.1b), and a booking fee of $108.19 payable to the City of Madera (Gov. Code, § 29550.2).

## DISCUSSION

## I. Assembly Bill No. 1869

In 2020, Assembly Bill No. 1869 was enacted, became effective July 1, 2021, and "eliminate[d] the range of administrative fees that agencies and courts are authorized to impose to fund elements of the criminal legal system and … eliminate[d] all outstanding debt incurred as a result of the imposition of [identified] administrative fees.' [Citation.]" (*People v. Greeley* (2021) 70 Cal.App.5th 609, 625 (*Greeley*).) Assembly Bill No. 1869 enacted and amended statutes that apply retroactively to certain fines and fees imposed in cases that were pending on appeal when the legislation became effective. (*Clark*, *supra*, 67 Cal.App.5th at p. 252.)

As applicable to this case, Assembly Bill No. 1869 amended the Penal Code by adding section 1465.9, which states in relevant part: "On and after July 1, 2021, the balance of any court-imposed costs pursuant to Section … 1203.1b, as [that section] read on June 30, 2021, shall be unenforceable and uncollectible and any portion of a judgment

---

discovered until after sentencing, the defendant first makes a motion for correction in the trial court, which may be made informally in writing. The trial court retains jurisdiction after a notice of appeal has been filed to correct any error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs upon the defendant's request for correction. This section only applies in cases where the erroneous imposition or calculation of fines, penalty assessments, surcharges, fees, or costs are the sole issue on appeal."

The possible vacatur of certain fees as a result of the statutes enacted by Assembly Bill No. 1869 involves a change of law that eliminated the legal basis for those fees and does not involve the erroneous imposition or calculation of a fine or fee. As a result, the issues addressed in this appeal do not fall within section 1237.2, since the fees were statutorily authorized when they were imposed at the sentencing hearing. (*People v. Clark* (2021) 67 Cal.App.5th 248, 257 (*Clark*).)

imposing th[at] cost[] shall be vacated." (§ 1465.9, subd. (a); *Clark, supra,* 67 Cal.App.5th at p. 259; *Greeley, supra*, 70 Cal.App.5th at p. 625.)

Assembly Bill No. 1869 also added Government Code section 6111, that similarly became effective on July 1, 2021, and states in relevant part that "the unpaid balance of any court-imposed costs pursuant to … [Government Code section] 29550.2 … as [that] section[] read on June 30, 2021, is unenforceable and uncollectible and any portion of a judgment imposing th[at] cost[ ] shall be vacated." (Gov. Code, § 6111, subd. (a); *People v. Lopez-Vinck* (2021) 68 Cal.App.5th 945, 950 (*Lopez-Vinck*); *Greeley, supra*, 70 Cal.App.5th at pp. 625–626.)

At the sentencing hearing in this case, the court ordered defendant to pay a misdemeanor presentence report fee of $375 (§ 1203.1b), and a booking fee of $108.19 payable to the City of Madera (Gov. Code, § 29550.2). "[T]he plain language" of both section 1465.9 and Government Code section 6111 means that any balances remaining on defendant's account for these two fees, "that is, any amounts imposed but not paid," are " 'unenforceable and uncollectable.' " (*Clark, supra*, 67 Cal.App.5th at p. 259.) Defendant may no longer be charged such fees, and to the extent he has already been charged with them, "any fees not yet paid are no longer collectible." (*Ibid*.; *Greeley, supra*, 70 Cal.App.5th at p. 626.)

"In addition to making any unpaid portion of the identified assessments void by operation of law, … the plain language of Government Code section 6111 and … section 1465.9 not only authorizes, but mandates, vacation of a portion of a judgment for the purpose of striking the now-unauthorized assessments …. Thus, although the unpaid balance of the identified fees is no longer enforceable and collectible, the statute *also* mandates that any portion of a judgment imposing those fees be vacated." (*Greeley, supra*, 70 Cal.App.5th at pp. 626–627, fn. omitted; *Clark, supra*, 67 Cal.App.5th at p. 259.)

The parties agree that the statutes enacted by Assembly Bill No. 1869 apply to two fees imposed at the sentencing hearing and the balance of the misdemeanor presentence fee of $375, imposed pursuant to former section 1203.1b, and the booking fee of $108.19, imposed pursuant to former Government Code section 29550.2, are unenforceable and uncollectable, and the portion of the judgment imposing those costs must be vacated.

Finally, to the extent that defendant paid any portion of the two fines at issue prior to July 1, 2021, he is not entitled to the return of such amounts because the changes made by Assembly Bill No. 1869 do not apply retroactively to payments made prior to the effective date of the new statutes. Defendant is not entitled to the repayment of any portion of the presentence report fee and booking fee that he paid before July 1, 2021. (*Lopez-Vinck*, *supra*, 68 Cal.App.5th at p. 953.)

## II. Assembly Bill No. 177

At the sentencing hearing, the court imposed a misdemeanor restitution fine of $150 pursuant to section 1202.4, subdivision (b) in case No. MCR064738, "plus a ten percent administrative fee." The court imposed the same restitution fines plus administrative fees in cases Nos. MCR062972 and MCR054784, "as previously imposed."

At the time of the sentencing hearing, section 1202.4, subdivision (l) stated: "At its discretion, the board of supervisors of a county may impose a fee to cover the actual administrative cost of collecting the restitution fine, not to exceed 10 percent of the amount ordered to be paid, to be added to the restitution fine and included in the order of the court, the proceeds of which shall be deposited in the general fund of the county."

In September 2021, the Legislature enacted Assembly Bill No. 177 (2021-2022 Reg. Sess.), which amended section 1465.9 by adding subdivision (b), that states in relevant part: "On and after January 1, 2022 the balance of *any court-imposed costs* pursuant to Section … 1202.4 …, as [that section] read on December 31, 2021, shall be unenforceable and uncollectable and any portion of a judgment imposing those costs shall

9.

be vacated." (Stats. 2021, ch. 257, § 35, italics added.) Assembly Bill No. 177 separately repealed and re-enacted section 1202.4, effective January 1, 2022, and the re-enacted statute eliminated subdivision (l), that authorized the administrative collection fee for the restitution fine.

While the parties did not address Assembly Bill No. 177 in the supplemental briefing, it appears the balance of the 10 percent administrative fees to collect the restitution fines, imposed under section 1202.4, former subdivision (l), are similarly unenforceable and uncollectible as of January 1, 2022.

## III.    Conclusion

We remand the matter for further appropriate proceedings to (1) modify the judgment to reflect that any balances remaining unpaid as of July 1, 2021, for the $375 misdemeanor presentence fee imposed pursuant to former section 1203.1b, and the $108.19 booking fee imposed pursuant to former Government Code section 29550.2, are unenforceable and uncollectable, and the portion of the judgment imposing those costs is vacated; and (2) for the parties to address the application of the amendments contained in Assembly Bill No. 177 to the administrative collection fees imposed pursuant to section 1202.4, former subdivision (l), and whether the judgment should be similarly modified to vacate the balance remaining for those fees.

### DISPOSITION

The judgment is conditionally reversed, and the matter remanded to the superior court for the following:

(1) To modify the judgment to reflect that any balances remaining unpaid as of July 1, 2021, for the $375 misdemeanor presentence fee imposed pursuant to former section 1203.1b, and the $108.19 booking fee imposed pursuant to former Government Code section 29550.2, are unenforceable and uncollectable, and the portion of the judgment imposing those costs is vacated; and

(2) For the court and parties to address the possible application of the amendments contained in Assembly Bill No. 177 to the administrative collection fees imposed pursuant to section 1202.4, former subdivision (l).

Thereafter, the court shall amend its records to reflect modifications to its prior orders and shall forward a copy of the amended orders to all appropriate authorities.  As modified, the judgment shall be affirmed.